OPINION OF THE COURT
STAPLETON, Circuit Judge:
This appeal arises out of appellee and cross-appellant Melissa Brown’s- lawsuit against appellant and cross-appellee Nutrition Management Services Co. (“NMS”) and two of its employees alleging violations of the Family and Medical Leave Act of 1993 (“FMLA”), 29 U.S.C. § 2601, et seq., Title VII of the Civil Rights Act of 1964 (“Title VII”), 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act (“PHRA”), 43 Pa.Stat.Ann. § 951 et seq. Brown’s claims were tried to a jury twice. After the second trial, the District Court entered judgment in favor of Brown against NMS and subsequently entered orders awarding Brown back pay, liquidated damages, and attorney’s fees, but denying her motion for front pay. NMS appeals several of the Court’s orders, and Brown cross-appeals the orders denying *269 her motion for front pay and reducing the amount of attorney’s fees she requested.
Because we write only for the benefit of the parties, we assume familiarity with the facts of this civil action and the proceedings in the District Court. We will affirm in part, reverse in part, and remand for further proceedings.
I. Factual Background
The basic facts of this appeal are undisputed. In 2002, Brown began working as the food service director at Plymouth House, a nursing home. After Plymouth House was purchased by a new owner in 2004, NMS was hired to provide food service there. In August 2004, Brown was hired by NMS to continue working in her position at Plymouth House. Around that time, Brown informed several NMS employees that she was pregnant and would need time off from work to give birth to her child. Approximately two months later, Brown met with her supervisor, Karen Zywalewski, and NMS’s Human Resources Manager, Scott Murray. NMS terminated Brown at that meeting.
Brown filed a complaint in the Eastern District of Pennsylvania alleging that NMS, Zywalewski, Murray, and New Courtland Elder Services[1] interfered with her right to take leave in violation of the FMLA, discriminated against her on the basis of her pregnancy and sex in violation of Title VII, and discriminated against her on the basis of her pregnancy and sex in violation of the PHRA.[2]
A jury trial on the FMLA and Title VII claims commenced in January of 2008. At the conclusion of the trial, the jury returned a verdict, finding NMS and Zywa-lewski liable for violating the FMLA, but not Title VII, and awarding Brown $275,000 in compensatoiy and punitive damages, but no back or front pay. The District Court entered judgment in favor of Brown in the amount of $1 against NMS and Zywalewski and then sua sponte ordered a new trial. The second jury found defendant NMS hable for violating the FMLA, but found no liability under Title VII, and found no liability on the part of Zywalewski or Murray. The jury awarded Brown $74,000 in back pay and omitted any award for front pay. The Court then awarded Brown liquidated damages, attorney’s fees, and costs, but denied Brown’s motion for front pay. NMS filed a timely notice of appeal, and Brown cross-appealed. On appeal, NMS argues that the Court erred by: 1) granting judgment in favor of Brown after the first trial and ordering a new trial sua sponte, 2) failing to charge the jury with an instruction explaining NMS’s affirmative defense to the FMLA claim and failing to include a question about the affirmative defense in the jury interrogatory, 8) awarding liquidated damages to Brown, and 4) awarding attorney’s fees to Brown. In her cross-appeal, Brown contends that the District Court erred by refusing to award front pay to her and reducing the amount of attorney’s fees she requested.
II. Ordering A New Trial
First, NMS argues that the District Court erred by sua sponte ordering a new trial after the jury returned its verdict in the first trial. Rule 59(d) permits a trial court to order a new trial “for any reason that would justify granting one on a party’s motion.” Fed.R.Civ.P. 59(d). A new trial may be granted “when the verdict is *270 contrary to the great weight of the evidence; that is where a miscarriage of justice would result if the verdict were to stand” or when the court believes the verdict results from jury confusion. Pryer v. C.O. 3 Slavic, 251 F.3d 448, 453 (3d Cir. 2001) (internal quotations and citations omitted) (miscarriage of justice); Nissho-Iwai Co., Ltd. v. Occidental Crude Sales, Inc., 729 F.2d 1530, 1538 (5th Cir.1984) (jury confusion). We review a district court’s decision to grant a new trial for abuse of discretion. William A. Graham Co. v. Haughey, 568 F.3d 425, 437 (3d Cir.2009).
As discussed above, the jury found NMS and Zywalewski liable under the FMLA, but not under Title VII. In response to specific questions on the verdict form, the jury awarded Brown “$0” damages for back pay, and “$0” in front pay, but awarded her $50,000 in compensatory damages for “past and future pain, suffering, or emotional distress” and $225,000 in punitive damages — damages that the parties agreed were not recoverable under the FMLA.[3] See 29 U.S.C. § 2617. In response to this verdict, the District Court entered judgment in favor of Brown in the amount of $1.00 and then sua sponte ordered a new trial. The Court explained that it ordered a new trial because: “1) manifest injustice would result if the verdict were allowed to stand; 2) there was apparent jury confusion; 3) the jury form was flawed; and 4) the verdict was inconsistent.” [A 91] During a hearing on the subsequent motion to reconsider, the District Court gave a further explanation, stating, “I believe the verdict was against the weight of the evidence ... I feel that, as a result of how I crafted the interrogatories, inadvertently there was juror confusion that resulted in manifest injustice or universal injustice.... ” [SA 41]
We conclude that the District Court did not err by ordering a new trial. Instead, the Court acted within its considerable discretion when it ordered the new trial after concluding that the verdict resulted from confusion because the jury instructions and the verdict form may have misled the jury into believing that compensatory and punitive damages were recoverable under the FMLA. Furthermore, the Court did not abuse its discretion when it determined that manifest injustice would result if the verdict were allowed to stand because the jury verdict was against the weight of the evidence. Importantly, the jury found liability under the FMLA, but awarded no recoverable damages under the FMLA even though the evidence established that Brown was unemployed for several months and then took a lesser paying position after she was terminated from her position at Plymouth House. Because of this evidence, Brown was entitled to back pay if the jury found, as it did, that NMS and Zywalewski violated the FMLA by terminating her. For both of these reasons, the District Court did not abuse its discretion by ordering a new tidal;[4]
III. Failing to Charge on the Affirmative Defense
Next, NMS claims that the District Court abused its discretion when it refused *271 to instruct the jury on the affirmative defense to FMLA liability.[5] NMS correctly argues that it was entitled to this instruction, as we have recognized that there is an affirmative defense to an interference claim under the FMLA. See Samowski v. Air Brooke Limousine, Inc., 510 F.3d 398, 403 (3d Cir.2007) (“[Plaintiff] will not prevail on his interference claim if [his employer] can establish that it terminated [him] for a reason unrelated to his intention to exercise his rights under the FMLA.”); see also 29 U.S.C. § 2614(a)(3)(B). Thus, NMS was entitled to an instruction that informed the jury that it could not find NMS liable on the FMLA interference claim if NMS proved that it would not have continued to employ Brown regardless of her request for FMLA leave.
We review the jury instructions for abuse of discretion, evaluating “whether, taken as a whole, the instruction properly apprised the jury of the issues and the applicable law.” See Donlin v. Philips Lighting N. Am. Corp., 581 F.3d 73, 78 (3d Cir.2009). “We will not vacate a judgment if the errors in the charge are harmless.” Armstrong v. Burdette Tomlin Mem’l Hasp., 438 F.3d 240, 245-46 (3d CL.2006). Likewise, a district court’s formulation of jury interrogatories is reviewed for abuse of discretion. Id. at 246. “The only limitation [on this discretion] is that the questions asked of the jury be adequate to determine the factual issues essential to the judgment.” Id. (internal quotations omitted).
During the charge on FMLA liability, the Court instructed the jury that NMS could legally terminate Brown, as long as it did not interfere with her FMLA leave by terminating her because she was pregnant. The Court repeatedly admonished the jury that it should not question NMS’s “business judgment.” Moreover, at some points during the charge, the Court appeared to place the burden on Brown to prove that NMS fired her because of the pregnancy, instead of requiring NMS to prove that it would have fired her regardless of her request for leave related to her pregnancy. After a careful review of these instructions, we conclude that, although the District Court erred by refusing to give an instruction on the affirmative defense, the charge properly informed the jury of the applicable law. Because NMS did not suffer any prejudice as a result of these instructions, the error was harmless. See Armstrong, 438 F.3d at 246 (“Harmless errors in parts of a jury charge that do not prejudice the complaining party are not sufficient grounds on which to vacate a judgment and order a new trial.”).
We also find no abuse of discretion in the District Court’s decision not to include a question about the affirmative defense in the jury interrogatory. The jury was informed that it could not find NMS liable under the FMLA unless it found Brown was terminated because of her pregnancy. Thus, a positive answer to Interrogatory No. 2, which asked whether Brown proved by a preponderance of the evidence that NMS interfered with her rights under the FMLA, resolved any question as to whether the jury believed NMS had terminated Brown for her poor performance. Accordingly, the questions asked were “adequate to determine the factual issues essential to the judgment.” See id.
IV. Liquidated Damages
Third, NMS claims that the Court erred by awarding liquidated damages to *272 Brown. Section 2617 of the FMLA directs that “any employer who violates' section 2615 of this title shall be liable” to the employee for damages, including “an additional amount as liquidated damages equal to the sum [of monetary damages and interest on those damages].” 29 U.S.C. § 2617(a)(1)(A)(iii) (emphasis added). However, an employer may avoid paying such damages “if [it] ... proves to the satisfaction of the court that the act or omission which violated section 2615 was in good faith and that the employer had reasonable grounds for believing that the act or omission” was not a violation of that section. Id. In such a case, the court has discretion to award only monetary damages and interest. See id. Thus, we review a decision to grant liquidated damages under the abuse of discretion standard. See Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 908 (3d Cir.1991) (addressing liquidated damages claim under the Fair Labor Standards Act); see also 29 U.S.C. § 2617(a)(l)(A)(iii) (stating that the decision not to award liquidated damages is within “the discretion of the court”); Chandler v. Specialty Tires of Am., Inc., 283 F.3d 818, 827 (6th Cir.2002) (reviewing determination of liquidated damages under the FMLA according to the standard applicable to FLSA claims because “the remedial provisions of the FMLA mirror those of the [FLSA]”).
The District Court determined that NMS did not meet its burden of proving that it terminated Brown in good faith or that it had reasonable grounds for believing it did not violate the FMLA, and we find no error in its analysis. The Court based its decision in part on its observation that the “witnesses involved in Brown’s termination offered conflicting testimony ... regarding [NMS’s] decision and justification for terminating Brown.” [A 99] The Court also concluded that NMS did not have reasonable grounds for believing it was not violating the FMLA because it failed to take any affirmative steps to determine whether Brown was an eligible employee under the FMLA. Accordingly, thé District Court did not abuse its discretion by awarding liquidated damages to Brown.
V. Attorney’s Fees
Lastly, NMS contends that the District Court erred when it awarded attorney’s fees to Brown, arguing that the lodestar amount should have been reduced because Brown’s attorney’s time records were vague and insufficient and because of Brown’s lack of success in the civil action. We review a district court’s award of attorney’s fees under the abuse of discretion standard. In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 256 (3d Cir.2009).
On the .first issue, the District Court concluded that Brown’s attorney’s time records were sufficient under our decision in Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir.1990). We agree. In Rode, we stated that “[a] fee petition is required to be specific enough to allow the district court ‘to determine if the hours claimed are unreasonable for the work performed.’ ” Id. (quoting Pawlak v. Greenawalt, 713 F.2d 972, 978 (3d Cir. 1983)). Here, the time records included the date, a description of the activity, and the time expended. The District Court found that these records were specific enough for it to evaluate whether the attorney’s time was reasonably expended. Accordingly, the District Court did not abuse its discretion by awarding the hours that NMS disputed on specificity grounds.
With regard to NMS’s second argument, we note that the District Court did adjust the lodestar by 20% based on Brown’s overall lack of success, her failure to prove that she was entitled to front pay, *273 and the difference between the award sought and actually received from the jury. However, the Court did not abuse its discretion by refusing to further reduce the lodestar amount, in part because it agreed ■with Brown that “the discovery and evidence necessary to establish FMLA liability were the same for both [the] FMLA and Title VII” and because it specifically deducted hours expended on the PHRA claim. [A 125] Moreover, the sum of the attorney’s fees awarded, $146,784.00, is reasonable in light of the fact that the action was tried twice, and that Brown was awarded $161,311.64 as a result of the suit.
VI. Front Pay
In her cross-appeal, Brown argues that the District Court erred by refusing to award her front pay. See Donlin, 581 F.3d at 86 (decision to award front pay is reviewed for abuse of discretion). The FMLA allows “equitable relief as may be appropriate, including employment, reinstatement, and promotion.” 29 U.S.C. § 2617(a)(1)(B). Here, Brown agreed that reinstatement was not feasible, and, thus, the case proceeded on the issue of front pay. She consented to a jury determination of this issue.
During the jury instructions, the District Court explained that calculating front pay required reducing any award to its present value. In the course of explaining the concept of present value, the Court stated, “However, the lawyers have agreed that you shouldn’t do it because, if you award front pay, I’ll do it. It’s a very complicated formula that we don’t want to ask you to try and understand.” [A 258-59] In accordance with the instructions, the jury interrogatory included questions about the amount of damages the plaintiff proved. In response to Interrogatory No. 7, which asked about the amount of “back pay” due to Brown, the jury wrote “$74,000.” [A 277] In response to Interrogatory No. 8, which asked about “front pay,” the jury wrote “OMIT per Judge’s instructions.” Id. In answering Interrogatory No. 9, regarding the amount the damages should be reduced for failure to mitigate, the jury wrote “$0.” Id.
After the verdict was returned, Brown promptly moved for post-judgment relief on the issue of front pay. The District Court refused to award front pay, concluding that the “jury awarded Brown no front pay.” [A 101] The Court rejected Brown’s argument that the jury’s answer was ambiguous, explaining that “[w]e believe the jury chose to “omit” an amount of monetary damages for front pay from its response to Interrogatory Number 8 because it found that Brown was not entitled to them.” [A 103]
Reading the jury’s response in the context of the jury instructions regarding front pay and the jury’s answer — “$0”—to the question on mitigation, we think it is clear that the jury wrote “OMIT per Judge’s instructions” because it believed the Court would calculate the amount of front pay itself, not because it believed Brown was not entitled to it. Therefore, we conclude that the District Court erred when it interpreted the jury’s answer as denying Brown any award of front pay.
Although the jury’s answer indicated that the jury believed Brown was entitled to front pay, the jury did not award a specific amount. We are thus faced with the question of an appropriate remedy. Although Brown initially consented to a jury determination on the issue of front pay, she now asks for a determination of this issue by the District Court. The law permits the District Court to make this determination, see Donlin, 581 F.3d at 78 n. 1, and such a course is more efficient than empaneling and educating a third jury. Accordingly, we will remand so that *274 the District Court may consider whether front pay is appropriate and in what amount.[6]
VII. Conclusion
The District Court’s denial of Brown’s claim for front pay will be vacated, and that matter will be remanded for further proceedings in accordance with this opinion. The District Court’s judgment in favor of Brown against NMS will be affirmed in all other respects. On remand, the District Court may reconsider the amount of its attorney’s fee award in light of any award of front pay.

. Brown settled with New Courtland Elder Services before trial.

. The PHRA claim was dismissed by the District Court, and the dismissal was not appealed.

. Although this Court has not so held, the parties' conclusion is supported by the statutory text of the FMLA, see 29 U.S.C. § 2617(a), and the decisions of our sister courts of appeals. See, e.g., Farrell v. TriCountry Metro Transp. Dist of Or., 530 F.3d 1023, 1025 (9th Cir.2008); Brumbalough v. Camelot Care Ctrs., Inc., 427 F.3d 996, 1007-08 (6th Cir.2005).

. Because we conclude that the Court did not err by ordering a new trial, we need not decide whether the Court erred by entering a verdict in the amount of $1 in favor of Brown after the first trial.

. This argument was not waived because NMS presented a proposed jury instruction on the affirmative defense and objected to the Court’s decision not to give that instruction at the charging conference.

. Judge Fisher believes that Brown consented to a jury determination on her front pay request, never objected to the District Court's charge or verdict form and she did not, after the verdict was returned, ask the District Court to resubmit what she now characterizes as an ambiguous answer from the jury. Had NMS raised a waiver argument, Judge Fisher would have voted to deny front pay and affirm the District Court.